THE STATE v. BENTON.

1. **Practice in Supreme Court**: REVIEWING INSTRUCTIONS WITHOUT
   THE EVIDENCE. This court cannot say that instructions, which are cor-
   rect as abstract propositions, were improperly given in a certain case,
   unless the evidence is contained in the record.

2. ———: SURPRISE: OBJECTION TOO LATE ON APPEAL. Where the case
   was called for trial, and defendant made no objection to proceeding to
   trial, he cannot for the first time in this court complain that he was not·
   prepared for trial, because his counsel had no opportunity to consult
   with him and prepare his defense.

*Appeal from Henry District Court.*

TUESDAY, MARCH 17.

INDICTMENT for embezzlement. Verdict, guilty; judgment;
and the defendant appeals.

*L. G. & L. A. Palmer*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

SEEVERS, J.—This cause was submitted on a partial tran-
script, and we have before us the indictment, instructions,
motion for a new trial, and certain affidavits in support
thereof. But the evidence is not in the record before us,
which we have examined, and readily reach the conclusion
that the indictment is sufficient, and that the instructions
given, as abstract propositions, are correct. Those in the
record which were refused do not state the law correctly, and
therefore were properly refused; or, if this is not so, we are
unable to say, because of the absence of the evidence, that it
was error to refuse them.

The affidavits filed in support of the motion for a new
trial possibly tend to show surprise; that is, the claim is that
counsel for the defendant did not have the opportunity to
consult with his client and prepare his defense before the

trial. But no application for a continuance on this ground was made. The case was called for trial, and no objection was made by the defendant's counsel that he was not, for any reason, ready to proceed. Besides this, in our opinion, the affidavits are clearly insufficient in other respects.

AFFIRMED.